UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

...................................................................x

J'MYER ABNEY,

                          Plaintiff,                        COMPLAINT

     Against

UNITED STATES OF AMERICA,

                          Defendant.

...................................................................x

Plaintiff, by his attorneys, The JONATHAN C. REITER LAW FIRM, PLLC, complaining of the defendant respectfully alleges as follows:

## JURISDICTION

1. Jurisdiction exists pursuant to 28 U.S.C. §§1331, 1346 and 1332. The plaintiff further invokes the pendent jurisdiction of this court over claims arising under New York State law.

2. Prior to the filing of this action, on or about August 29, 2025, the plaintiff timely made and presented to the United States Department of Health and Human Services a Claim for Damage, Injury or Death, as required under the Federal Tort Claims Act of the United States of America. The defendant United States of America, Department of Health and Human Services, has failed, neglected and refused to pay, settle, compromise or adjust the claim of the plaintiff. The plaintiff has duly complied with all the conditions precedent to the commencement of this action.

3. The amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

## VENUE

4. Venue is founded upon 28 U.S.C. §1391(b) and (e).

1

## PARTIES

5.  Plaintiff J'MYER ABNEY is a citizen of the State of New York residing at 944 Rogers Place, Apt. 30, Bronx, New York 10459.

6.  Upon information and belief, at all times hereinafter mentioned and at the time of the occurrences herein, URBAN HEALTH PLAN, INC. (hereinafter "UHP") was and is a domestic not-for profit corporation and a Federally Qualified Health Center under section 330 of the Public Health Services Act, 42 USC § 254b; Social Security Act 1905(l)(2)(B) with its principal place of business at 1065 Southern Boulevard, Bronx, New York 10459.

7.  Upon information and belief, on or about October 4, 2011, UHP, its agents, servants and employees had undertaken to provide medical diagnosis, treatment advice care and services to the plaintiff as his primary care provider.

8.  Upon information and belief, UHP continued to render medical diagnosis, treatment, advice, care and services to the plaintiff as his primary care provider at various times and intervals, including but not limited to April 11, 2012, September 14, 2012, April 12, 2013, April 22, 2013, November 2, 2013, February 24, 2014, March 13, 2014, April 7, 2014, April 8, 2014, April 24, 2014, August 18, 2014, October 20, 2014, March 6, 2015, March 13, 2015, May 1, 2015, May 27, 2016, June 10, 2016, September 26, 2016, January 3, 2017, June 20, 2017, December 7, 2018, November 12, 2020, November 19, 2020, November 23, 2020, April 21, 2021, May 24, 2021, May 26, 2021, November 23, 2021, February 7, 2022, April 24, 2023, June 12, 2023, January 24, 2024, February 7, 2024, December 20, 2024, December 21, 2024 and December 28, 2024.

9.  Upon information and belief, on or about December 12, 2024, plaintiff presented to the Emergency Department of Lincoln Hospital with complaints of dizziness and vomiting. At that

time, he was diagnosed with acute kidney injury and chronic kidney disease and remained at Lincoln Hospital until December 13, 2024.

10. Upon information and belief, on December 13, 2024, plaintiff presented to the Emergency Department of Mt. Sinai Hospital where he was again diagnosed with acute kidney injury and chronic kidney disease and admitted to the hospital until December 18, 2024. At this time his eGFR was between 10 and 16.7 (Ref. Range for adults >60) indicative of stage 5 kidney disease along with hypertension, hyperlipidemia, hematuria, proteinuria, elevated creatinine, hyperkalemia and metabolic acidosis. He has continued under the care of physicians at Mt. Sinai Hospital up to the present time and continuing. The plaintiff is presently in kidney failure and is on dialysis with the hope of getting a kidney transplant when same becomes available.

11. The records of UHP indicate that the claimant had significant signs, symptoms and findings indicative of kidney disease including but not limited to hypertension first noted at age 10 and continuing up to the time of diagnosis, along with chronic headaches, floaters in the eyes, underweight, hyperlipidemia, thyroid abnormalities, abnormal IgE and other abnormalities.

12. The claimant was never evaluated, referred or treated for kidney disease at UHP prior to his diagnosis on or about December 12-13 at Lincoln Hospital and Mt. Sinai Hospital. This caused and permitted his kidney disease to markedly progress and become worse to the point where he now has Stage 5 chronic kidney disease and will need dialysis and kidney transplant(s).

13. The defendant, its agents, servants and employees at UHP were negligent, committed malpractice and departed from accepted standards of care, proximately resulting in severe permanent injuries.

14. That the defendant, its agents, servants and employees at UHP, including physicians, physicians assistants, nurses and other staff members were negligent, committed malpractice and

3

departed from accepted standards of care in ignoring complaints signs and symptoms of potential kidney disease including but not limited to hypertension, chronic headaches, floaters in the eyes, underweight, hyperlipidemia, thyroid abnormalities, abnormal IgE and other abnormalities; in failing to elicit a thorough history on multiple occasions; in failing to perform careful examinations; in failing to formulate a proper differential diagnosis including kidney disease and performing appropriate investigation to rule in/out kidney disease; in failing to perform laboratory tests and scans including but not limited to comprehensive metabolic panels, urinalysis and other tests; failure to perform imaging and scans including but not limited to ultrasounds, CT scans and MRI's; failure to obtain necessary consultations with specialists including but not limited to nephrology and endocrinology; failing to perform or refer for genetic testing; failing to treat the patient with indicated medications in proper dosages including but not limited to medications for hypertension and kidney disease including but not limited to ACE inhibitors and other medications that are effective in slowing or arresting progression of kidney disease, and in otherwise being negligent and committing malpractice.

15. Due to the negligence and malpractice of the defendant, its agents, servants and employees, plaintiff was proximately caused to sustain severe and permanent personal injuries, pain, suffering, mental anguish, loss of enjoyment of life, shortened life span, need for prolonged, lifelong medical treatment and surgeries for chronic kidney disease and kidney failure and associated conditions and complications of surgery.

16. Due to the negligence and malpractice of defendant, its agents, servants and employees, plaintiff has and is expected to sustain economic damages in the in the form of medical bills and liens, loss of earnings, impairment of future earning capacity, projected need for medical, hospital, nursing, custodial and rehabilitative care with specific amounts not determinable at this

4

time, along with limitations and disabilities resulting from chronic kidney disease, kidney failure and related conditions.

17. That by reason of the foregoing, plaintiff demands judgment for all damages permitted by law in an amount to be determined by the trier of fact up to and including the sum of $150 million dollars.

WHEREFORE, plaintiff J'MYER ABNEY demands judgment against defendant UNITED STATES OF AMERICA for all damages provided by law together with interest, costs and disbursements.

**JONATHAN C. REITER LAW FIRM, PLLC**

By: _____

JONATHAN C. REITER
Attorneys for Plaintiff(s)
350 Fifth Avenue, Suite 6400
New York, New York 10118
212-736-0979

5